**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LATONYA SANFORD,** | ) | **CASE NO. 1:10CV1369** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **OHIO DEPARTMENT OF MENTAL** | ) | |
| **RETARDATION, etc., et al.,** | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #13) of Defendants, Ohio Department of Developmental Disabilities ("DODD"); Randy Russell; David Montgomery; Wendy DiGregorio; and Karen Reich, to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).  For the following reasons, the Motion is granted.

<u>**I. FACTUAL BACKGROUND**</u>

Plaintiff, Latonya Sanford, filed a Complaint against the DODD, Randy Russell (supervisor at DODD), David Montgomery (EEO officer at DODD), Wendy DiGregorio (superintendent at DODD), Karen Reich (employee at DODD), and others, alleging discrimination in violation of 42 U.S.C. § 2000, *et seq*. (Title VII, Civil Rights Act of 1964).

Pursuant to Ohio statutory and common law, Plaintiff alleges claims for sex discrimination, race discrimination, intimidation, breach of contract, promissory estoppel, retaliation, hostile environment, intentional infliction of emotional distress, vicarious liability, defamation and breach of fiduciary duty.  In her Complaint, Plaintiff describes various instances of mental and emotional harassment; and alleges, as a result of  Defendants' unprofessional and discriminatory conduct towards her, she suffered substantial loss of past and future earnings, bonuses and other employment benefits.  She seeks compensatory and punitive damages, attorney fees, interest and costs.

## II. LAW AND ANALYSIS

**Motion to Dismiss**

Defendants' Motion to Dismiss is brought under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Fed.R.Civ.P. 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter ...

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction.  *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986).  Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752

(E.D. Mich 2005), citing *Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, .... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Walters*, 376 F.Supp.2d at 752.

Fed.R.Civ.P. 12(b)(6) states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted ...

"The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CGH Transport Inc. v. Quebecor World, Inc.,* 261 Fed. App'x. 817, 819 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly ,* 550 U.S. 544 (2007)). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Id.* at 555. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007).

Furthermore, the United States Supreme Court has rendered its decision in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009). The Court, by Justice Kennedy, discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

**Sovereign Immunity**

The Eleventh Amendment of the United States Constitution embodies a "broad principle of sovereign immunity" of the States, barring federal court jurisdiction over pendent state law claims against non-consenting States or State officials, when the State is the real party in interest, regardless of the remedy sought. *Welch v. State Dep't of Highways and Public Transp.*, 483 U.S. 468, 486 (1987); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89,120-21 (1983).

States may consent to be sued in federal court, thus waiving their immunity from damages. *Port Authority Trans- Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). "A State will be deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 239 (1985)(internal quotations omitted); R.C. 2743.02(A)(1).

The Sixth Circuit has held that the State of Ohio has waived its sovereign immunity only as to actions brought in the Ohio Court of Claims. *Leaman v. ODMRDD*, 825 F.2d 946, 954 (6th Cir. 1987). R.C. § 2743.02 provides that, unless otherwise authorized, suits against the State of Ohio may be brought only in the Ohio Court of Claims. Se*e*, *Manning v. Ohio State Library Board*, 62 Ohio St. 3d 24 (1991)(Title VII claims). Therefore, the Ohio Court

of Claims, and not federal court, has exclusive jurisdiction over this matter.

Here, Plaintiff asserts state law claims against DODD, a state agency. The State of Ohio has neither implicitly nor explicitly consented to be sued in federal court on state-law claims. Therefore, all state-law claims against DODD, where the State of Ohio is the real party in interest, should be barred in federal court.

Furthermore, in the Sixth Circuit, Title VII does not permit employees or supervisors to be sued in their individual capacities. *Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997). Accordingly, Counts One and Two of the Complaint against the individual Defendants in their individual capacities are dismissed.

Individual State officials and employees enjoy immunity from state-law causes of action pursuant to R.C. § 9.86, which recites:

> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the laws of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities , or unless the officer or employee acted with malicious purpose, in bad faith or in a wanton or reckless manner.

Moreover, under R.C. § 2743.02(F), the Court of Claims has exclusive jurisdiction to determine whether State officials or employees have forfeited the immunity provided by Ohio law. In *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989), the Sixth Circuit held that the provisions of R.C. § 2743.02(F) foreclose the exercise of federal jurisdiction over Ohio law claims against State officers or employees, absent the requisite determination by the Ohio Court of Claims.

Here, the Court of Claims has neither determined that the individual Defendants acted manifestly outside the scope of their employment, nor that they acted in bad faith, or with malicious purpose, or in a wanton or reckless manner. Therefore, the individual Defendants are immune from suit; and the state-law claims against the individual Defendants are dismissed.

Plaintiff contends, in opposition, that her Complaint is well-pleaded; and after assuming all facts and allegations in her Complaint are true, she has stated sufficient facts, in support of her claims, to survive Defendants' Motion to Dismiss. Plaintiff argues that this Court has jurisdiction over this matter and that she will prove all the facts necessary to prevail on her claims. Beyond these blanket statements, Plaintiff has not met her burden of establishing the existence of subject matter jurisdiction as to her multiple state-law claims. Rogers, 798 F.2d at 915.

### III. CONCLUSION

As discussed above, Defendants have not waived their immunity provided under the Eleventh Amendment of the United States Constitution. Pursuant to R.C. § 2743, DODD and the individual Defendants, a State agency and State officials respectively, are immune from any civil action against them in any judicial forum except the Ohio Court of Claims. Therefore, all state-law claims against the moving Defendants are dismissed.

In conclusion, the Motion to Dismiss the Complaint in its entirety as to the individual Defendants, Randy Russell, David Montgomery, Wendy DiGregorio and Karen Reich, is granted. The Motion to Dismiss the Complaint against DODD is granted as to all Counts, except Counts One and Two, for Sex Discrimination and Race Discrimination under Title

VII.

       **IT IS SO ORDERED.**

       **DATE: November 30, 2010**

                            S/Christopher A. Boyko
                            **CHRISTOPHER A. BOYKO**
                            **United States District Judge**